IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SALEEBAN ADAN,[1]                        :
                                          :
              Plaintiff,                   :
                                          :
        VS.                                :
                                          :        CIVIL No.  5:13-CV-419-MTT-CHW
                                          :
OFFICIAL BUSINESS GOVERNMENT,  :
*et al.,*                                  :
                                          :        PROCEEDINGS UNDER 42 U.S.C. § 1983
              Defendant.                   :

---

# O R D E R

Plaintiff Saleeban Adan, an inmate confined at Georgia State Prison in Reidsville, Georgia, filed a pro se civil rights complaint in this Court seeking relief under 42 U.S.C. §1983.  Plaintiff also seeks leave to proceed *in forma pauperis* in this action.  Such leave is GRANTED, but only for the purpose of this Order, as the Court has conducted a preliminary review of Plaintiff's Complaint and finds it to be frivolous. See 28 U.S.C. §1915A(b)(1).

This does not mean that the filing fee is waived. Plaintiff must still eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. §1915(b).  The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.  The undersigned must now conduct a preliminary screening of the complaint because Plaintiff is a prisoner who "seeks redress from a governmental entity or [an] officer or employee of a governmental entity." 28 U.S.C. §1915A(a).

---

[1] A check of Plaintiff's GDC ID number on the Georgia Department of Corrections' website shows his name spelled as "Saleevan Isse Adan."   *See* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (searched using GDC ID number 1000439372).

## STANDARD OF REVIEW

When conducting preliminary screening under 28 U.S.C. §1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**FACTUAL ALLEGATIONS**

In this case, Plaintiff sues "Official Business Government", Georgia Diagnostic and Classification Prison, and the Prison Special Management Unit and CERT Team Officers.  Compl. ¶ III(B), ECF No. 1.  In his complaint and supplemental complaint, Plaintiff merely alleges that the Defendants took his "cases," shoes, and radio.  Compl. ¶ D; Suppl. Compl. p.1, ECF Nos. 1, 13.

**ANALYSIS**

To state a § 1983 claim, Plaintiff must allege that a Defendant "acting under color of state law committed an act that deprived [Plaintiff] of some right, privilege, or immunity secured by the Constitution or laws of the United States."  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1985); *accord* 42 U.S.C. § 1983.  In this case, Plaintiff's allegations did not identify any specific defendant who allegedly took his property, nor did he provide a sufficient description of the defendants.  A plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).  Thus, Plaintiff's complaint is "insufficient to identify the defendant[s] among the many guards employed" at Georgia State Prison.  *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  For that reason alone, Plaintiff's claims must fail.  However, even if Plaintiff had named a specific defendant, his claims would still fail because Georgia provides an adequate post-deprivation remedy for the loss of his property: a civil cause of action for conversion.  *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *see also Moore v. McLaughlin*, 569 F. App'x 656 (11th Cir. 2014), (finding that plaintiff could not bring a due process

claim because he did not allege that he had attempted to pursue a civil action based on the incident (or that such an action was denied/unavailable)).  As such, Plaintiff's allegations fail to state a claim upon which relief may be granted.

## CONCLUSION

Having conducted a preliminary review of Plaintiff's complaint as required by 29 U.S.C. § 1915, the Court finds that Plaintiff's complaint and all claims for damages against the Defendants should be **DISMISSED**.  For purposes of the "three strikes" provision of the Prison Litigation Reform Act, the Court determines that its decision in this case is a strike against Plaintiff.[2]  *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 21st day of November, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lws

---

[2] This is Plaintiff's second strike for purposes of 28 U.S.C. § 1915(g). *See also* Order Dismissing Action as Frivolous, ECF No. 4 in 5:14-cv-274 (M.D. Ga. July 29, 2014).